### City of Mound City, Appellant, v. Hugh A. Mason, Appellee.

1. EMINENT DOMAIN, § 224*—*when attorneys' fees, costs and expenses taxable in favor of defendant.* The proviso of Rev. St., ch. 47, sec. 10 (J. & A. ¶ 5260), relative to the payment of costs, attorneys' fees and expenses by a petitioner in eminent domain proceedings, applies only where the petition is voluntarily dismissed by the petitioner, or where the petitioner fails to pay the compensation within the time fixed by the statute and does not apply where, after a preliminary hearing, the court on motion of the defendant dismisses the same.

2. EMINENT DOMAIN, § 224*—*how statute allowing attorneys' fees should be construed.* Rev. St., ch. 47, sec. 10 (J. & A. ¶ 5260), allowing attorneys' fees under certain conditions to the defendant in eminent domain proceedings, is in derogation of the common law, and should not be construed so as to authorize the taxation thereof unless the statute clearly warrants it.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

City of Mound City v. Mason, 199 Ill. App. 120.

Appeal from the County Court of Pulaski county; the Hon. Wil-
lard F. Ellis, Judge, presiding. Heard in this court at the October
term, 1915.  Reversed.  Opinion filed April 17, 1916.  Rehearing
denied May 25, 1916.

George E. Martin, C. S. Miller and Charles L.
Rice, for appellant.

Fred Hood and Gillespie & Fitzgerald, for appellee.

Mr. Justice Boggs delivered the opinion of the court.

This is an appeal from a judgment of the County
Court of Pulaski county in favor of appellee and
against appellant for $550 attorneys' fees, and $23.75
personal expenses, growing out of a condemnation suit
filed by appellant against appellee for the condemna-
tion of certain lands belonging to appellee, for the pur-
pose of obtaining earth to raise and strengthen the
levee system of the City of Mound City.

Said suit was tried in the County Court by a jury,
and resulted in a judgment assessing compensation in
favor of appellee here, from which judgment he took
an appeal to the Supreme Court and secured a rever-
sal.  *City of Mound City v. Mason*, 262 Ill. 392.

A remanding order was filed and said cause was re-
docketed in said County Court.  Appellant, by leave
of court, filed its amended petition for condemnation,
and appellee filed his motion to dismiss said petition,
for want of power in appellant to condemn his prop-
erty.  After hearing the preliminary proofs and argu-
ments of counsel, the court dismissed appellant's
petition and, over the objection of appellant's counsel,
proceeded to hear evidence in support of appellee's
motion to be reimbursed for his attorneys' fees and
other expenses, covering the whole litigation, includ-
ing the appeal to the Supreme Court, and gave judg-
ment as above stated against appellant, from which
judgment this appeal is prosecuted.

The determination of this question involves a con-

struction of the proviso to section 10, of chapter 47, of Hurd's Revised Statutes (J. & A. ¶ 5260), said proviso being as follows: "That in case the petitioner shall dismiss said petition before the entry of such order (the order for petitioner to enter upon such property and the use of same upon payment of full compensation as ascertained, etc.) or shall fail to make payment of full compensation within the time named in such order, that then such court or judge shall, upon application of the defendants to said petition, or either of them, make such order in such cause for the payment by the petitioner of all costs, expenses and reasonable attorney fees of such defendant or defendants paid or incurred by such defendant or defendants in defense of said petition, as upon the hearing of such application shall be right and just, and also for the payment of the taxable costs."

It is contended by appellee that the provision of this statute is broad enough to include the dismissal of a petition for condemnation, not only where the same is voluntarily dismissed by the petitioner, but, also, where after a preliminary hearing the court on the motion of the defendant dismisses the same. Appellee insists in support of his position that the constitutional provision that private property shall not be taken for public purposes, except upon payment of just compensation, should be construed so as to require a petitioner to pay, not only compensation fixed by a jury and costs of the suit, as ordinarily understood, but also that it should be construed to require that the petitioner in a condemnation petition where the same is dismissed by the court over its objection, and where the property is not taken, as a matter of fact, shall be required to pay, not only the costs of the suit, but also the attorneys' fees and other expenses incurred by the owners of said premises in and about the defense made by him in connection with such condemnation proceeding. In other words, appellee insists that even though the pro-

vision of the statute in question is not broad enough in its literal terms to include a judgment against a petitioner for attorneys' fees and other expenses, where a petition for condemnation is dismissed by the court, that the courts in construing such statute should give it that effect.

In his brief and argument appellee cites the following cases in support of his contention: *Chicago & N. W. Ry. Co. v. City of Chicago*, 148 Ill. 141; *Epling v. Dickson*, 170 Ill. 329; *Sanitary District v. Bernstein*, 175 Ill. 220; *Peoria, B. & C. Traction Co. v. Vance*, 251 Ill. 263.

We have examined each of these cases, but are unable to see how they can be held to support the contention of appellee. In *Chicago & N. W. Ry. Co. v. City of Chicago, supra*, it was held by the court, quoting from page 156: "That the constitution, in providing that 'private property shall not be taken or damaged for public use without just compensation,' could not have intended to require the owner to pay the costs reasonably incurred in the proceeding which results in the taking of his property against his will. Such reasonable costs should be included in the expenses, which are required to be paid by the petitioner seeking condemnation."

All that was determined in the case just quoted from is that in addition to the compensation found by the jury the court should adjudge the costs of the proceeding against the petitioner and by costs, is included only such costs as are ordinarily taxed in any court proceeding. In the case of *Epling v. Dickson, supra*, the court only held that the property owner in a condemnation suit, where the property is taken, is entitled to have the ordinary costs of the suit taxed against the petitioner following the judgment fixing the compensation. *Sanitary District v. Bernstein, supra*, was a condemnation suit, and it appears that while the jury were being impaneled and after one or two jurors had

been accepted, the Sanitary District dismissed its petition as to the lands of two of the defendants, who thereupon applied for an allowance of attorneys' fees under the above proviso. It was insisted in the argument of said cause in the Supreme Court that the provision of above statute was only intended to apply where the petitioner dismissed its petition after a long hearing and where large expense had been incurred. The court in passing on this question, at page 220, says: "It is next claimed that the act does not apply to a dismissal of a petition before a verdict, but that it is designed to protect the land owner against the outlay of a long and expensive trial, followed by an abandonment of the proceedings after verdict, in case the petitioner is not satisfied with the award. The reason and purpose of the act apply as much to a dismissal at one time as at another, and its language is not limited. It includes any dismissal of the petition."

It is now insisted that the court intended that the language "it includes any dismissal of the petition" should apply to the dismissal of a condemnation proceeding, not only where voluntarily made by the petitioner, but also when made by the court over petitioner's objection. We do not think that the reading of this entire opinion warrants any such construction, and we do not believe that the court intended any such meaning to be attached to its language.

In the case of *Peoria, B. & C. Traction Co. v. Vance, supra,* all that was decided by the Supreme Court was with reference to the ordinary costs, and did not include attorneys' fees or other expenses.

A careful reading of each of these cases clearly discloses that they cannot be held to support the contention of appellee in this case. The language of the above statute seems so clear that it hardly admits of construction. However, in the recent case of *Chicago Great Western R. Co. v. Ashelford,* 268 Ill. at page 87, the court in passing on the proviso of section 10 above

City of Mound City v. Mason, 199 Ill. App. 120.

referred to, at page 93, uses this language: ''The evident purpose of the proviso to said section 10 was to provide for two instances in which the defendant would be entitled to an order requiring the petitioner to pay the expenses incurred by him in making his defense to the petition: First, in case the petitioner should voluntarily dismiss the petition; and second, in case the petitioner should fail to make payment of full compensation within the time named in the order. In our opinion this was the sole purpose of the proviso.''

It would seem from the language of this case that the Supreme Court has left but little doubt as to the construction that it places on this statute, and that it only applies where the petition is voluntarily dismissed by the petitioner or where the petitioner fails to pay the compensation within the time fixed by the statute. It is well to bear in mind in the construction of a statute, with reference to the allowance of attorneys' fees, to be taxed against the opposite party, that such statute is in derogation of the common law and that there is no right to have such fees so taxed unless the provision of such statute clearly warrants the same.

For the reasons above mentioned the judgment of the trial court is reversed without remanding.

*Reversed.*