(No. 25095.— )

THE COUNTY OF WILL, Appellant, *vs.* CLARENCE M. CLEVE-
LAND *et al.*—(CLARENCE M. CLEVELAND, Appellee.)

*Opinion filed October 10, 1939.*

JAMES E. BURKE, State's Attorney, (CHARLES H. BLIM, of counsel,) for appellant.

SNAPP, HEISE & SNAPP, (WILLIAM D. HEISE, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

On December 1, 1932, the county of Will filed a petition in the county court to condemn certain land for the purpose of constructing a highway. The petition described all the land sought to be condemned as the property of Clarence M. Cleveland, who with his wife and tenant were made the sole defendants. However, the south end of the strip was a part of the land that had been conveyed to school district No. 158 of the township of Frankfort, and it was not made a defendant. After the petition was filed the case was continued several times at Cleveland's request. On December

9, 1933, defendants filed a motion to dismiss. The school district on December 20, 1933, procured a temporary injunction from the circuit court of Will county restraining further proceedings in the condemnation suit. The record shows that Cleveland was largely instrumental in obtaining this injunction. On December 27, 1933, the county court overruled the motion to dismiss and a week later ordered the cause continued until the disposition of the injunction suit in the circuit court. While the temporary injunction was in force, the county changed the route to a different part of Cleveland's land and so that it would not cross the school property. Cleveland was not opposed to the construction of the highway along the new route, and on December 24, 1935, entered into an agreement whereby the county paid him $2600 for land taken, for damages to land not taken, and for damages to his tenant. The injunction and condemnation suits were dismissed on December 30, 1935, and February 10, 1936, respectively. Immediately after the dismissal of the condemnation suit Cleveland filed a claim in the county court for costs, expenses, and attorney's fees. The county denied that he was entitled to any amount on the theory that the suit had been compromised, rather than abandoned. After disallowing more than $1000 of Cleveland's claim, the county court gave him a judgment for $2850.66, and this appeal followed.

The material part of section 10 of the Eminent Domain act (Ill. Rev. Stat. 1937, chap. 47, par. 10) reads: "Provided, that in case the petitioner shall dismiss said petition before the entry of such order or shall fail to make payment of full compensation within the time named in such order, that then such court or judge shall, upon application of the defendants to said petition or either of them, make such order in such cause for the payment by the petitioner of all costs, expenses and reasonable attorney fees of such defendant or defendants paid or incurred by

such defendant or defendants in defense of said petition, as upon the hearing of such application shall be right and just, and also for the payment of the taxable costs." We have held this statute applicable where petitioner abandons its suit either before or after verdict. (*Sanitary District* v. *Bernstein,* 175 Ill. 215.) Though a dismissal would ordinarily constitute an abandonment, the facts may show that there was no abandonment. Where the defendant causes the dismissal though it is technically made on petitioner's motion, it cannot be said the suit was abandoned. In the principal case defendant, by means of continuances, prevented the case coming to trial for over a year. He then moved to dismiss. Though this motion was overruled, he then aided in procuring the school district's injunction which restrained further proceedings. His claim in the county court included a charge for the services of his own attorney in the injunction suit. He asserted that the injunction constituted a defense to the condemnation suit. It is also clear from the record that defendant thereby hoped to induce the county to change the proposed route. His attorney, in a letter to the State engineer of county roads, stated that the completion of the road was tied up by an injunction, and he proposed three other possible routes. Thus it was due to Cleveland's own action that the route was changed. Since the county was forced to abandon the first route, the dismissal of the condemnation suit followed as a matter of course. It is not the purpose of section 10 of the Eminent Domain act to give defendants costs, expenses, and attorney's fees for winning their case. Its purpose is to reimburse the property owner where petitioner voluntarily abandons its condemnation suit either before or after judgment. Where the record shows the abandonment or dismissal was caused by defendant, as in this case, he cannot recover.

The judgment of the county court is reversed.

*Judgment reversed.*