Per Curiam.

All parties to these actions agree that an allowance of attorney fees may be made to a party only when some statute provides for such allowance (see City of Euclid v. Vogelin [1950], 152 Ohio St., 538, 90 N. E. [2d], 593); and that the only statutory provision which could possibly be considered as a basis for allowance of attorney fees in the instant cases is that part of Section 5519.02, Revised Code, which reads:
“The director, if he has not occupied or changed the property appropriated, may, at any time but not later than 30 days after the final determination of the cause, elect to abandon the appropriation proceedings upon the payment of the costs and reasonable attorney fees to be fixed by the court.”
The director certainly could not abandon or give up something that had previously ceased to exist. In each of these three cases, the final order of the Common Pleas Court dismissing the appropriation proceedings eliminated any opportunity which the director had to abandon those proceedings and, after that order of dismissal, there were no proceedings to be abandoned.
Also, the failure of the director to appeal from such an order of dismissal cannot be construed as an abandonment of the appropriation proceedings, which had ceased to exist by reason of that order of dismissal.
None of the orders of dismissal were asked for by the director. They were, in effect, forced upon him. The director did nothing, with respect to any order of dismissal, which might be reasonably construed as an effort by the director to abandon or give up the appropriation proceedings dismissed by that order. City of Los Angeles v. Abbott (1932), 217 Cal., 187, 17 P. (2d), 993; County of Will v. Cleveland (1939), 372 Ill., 111, 22 N. E. (2d), 929.
*415 In each of these three cases, the judgment of the Court of Appeals must be reversed, and that of the Common Pleas Court affirmed.

Judgments reversed.

Zimmerman, Taet, Matthias and Bell, JJ., concur.