KLINGSEISEN and others, Respondents, v. STATE HIGHWAY COMMISSION, Appellant.

*January 7—February 4, 1964.*

For the appellant the cause was argued by *William H. Wilker,* assistant attorney general, with whom on the briefs were *George Thompson,* attorney general, and *A. J. Feifarek,* assistant attorney general.

For the respondents there was a brief by *O'Meara & O'Meara* of West Bend, and oral argument by *Stephen M. O'Meara.*

DIETERICH, J. The issues involved on this appeal consist of the following: (1) Whether the plaintiffs are entitled to interest on the jury's award of damages; (2) whether plaintiffs can recover costs and disbursements from the defendant Highway Commission; and (3) whether the plaintiffs can recover the motion costs allowed by the trial court.

## *Interest.*

The Highway Commission contends that the damages recoverable in an action for injuries caused by change of

grade under sec. 32.18, Stats., are limited to the damages specified in the statute, and do not include interest. Sec. 32.18, which provides the right of action for damage caused by change of grade, reads in part as follows:

"DAMAGE CAUSED BY CHANGE OF GRADE OF STREET OR HIGHWAY WHERE NO LAND IS TAKEN; CLAIM; RIGHT OF ACTION. Where a street or highway improvement project undertaken by the state highway commission, a county, city, town or village, causes a change of the grade of such street or highway . . . but does not require a taking of any abutting lands, the owner of such lands at the date of such change of grade may file . . . a claim for any damages to said lands occasioned by such change of grade. . . . If it is not allowed within 90 days after such date of filing it shall be deemed denied. Thereupon such owner may within 90 days following such denial commence an action against the state highway commission, the city, county, village or town as the case may be, to recover any damages to his said lands shown to have resulted from such change of grade. Any judgment recovered against the state highway commission shall be paid out of state highway funds, otherwise out of the funds of city, county, village or town against which the judgment is recovered."

It is apparent the statute makes no provision for interest on the award of damages. In *Schlesinger v. State* (1928), 195 Wis. 366, 369, 218 N. W. 440, which involved the right to recover interest on an inheritance-tax refund, we held that the state is not liable to pay interest on taxes illegally collected in the absence of a statute imposing such liability. It was stated in the *Schlesinger Case* that:

"When a tax-refund statute is silent as to interest, it does not imply that interest should be paid. 'On the contrary, the intention thereby disclosed is in denial of interest under it.' . . . Such a statute 'plainly indicates that interest is not recoverable.' . . . 'If the legislature had intended to provide for the payment of interest on taxes illegally collected, when refund was made, it would have said so in unequivocal language.' . . .

" 'A statute which in general terms requires the payment of interest does not apply to the state or county unless it expressly so provides. . . . There being no express reference to the state or county, they are by implication excepted from the operation of the general rule.' "

In *Frederick v. State* (1929), 198 Wis. 399, 400, 224 N. W. 110, this court held that, "Claims against the state do not bear interest 'unless its consent to pay interest has been manifested by an act of its legislature, or by a lawful contract of its executive officers.' " See also *Holton & Hunkel Greenhouse Co. v. State* (1957), 274 Wis. 337, 345, 80 N. W. (2d) 371, and *Associated Hospital Service v. Milwaukee* (1962), 18 Wis. (2d) 183, 186, 187, 118 N. W. (2d) 96.

It is the respondents' position that interest on the award of damages constitutes part of the "just compensation" to which they are entitled. Sec. 32.18, Stats., however, merely provides a cause of action for damages; it does not bring the proceedings into the area of eminent domain. The concept of "just compensation," as contended by the respondents, applies to condemnation proceedings, and has no application to a statutory action for damages for change of grade commenced pursuant to the provisions of sec. 32.18.

The respondents quote from *Necedah Mfg. Corp. v. Juneau County* (1932), 206 Wis. 316, 330, 331, 237 N. W. 277, 240 N. W. 405, to the effect that interest on unliquidated damages may be recovered as compensation for delay. The trial court placed heavy reliance on this rule in its memorandum decision on the commission's motion to amend the judgment. However, the record before this court does not disclose whether or not there was any delay. Even if we were to assume delay from the passage of time between the date of taking and the date of recovery, there is no evidence as to its cause nor as to the damage, if any, suffered as a result of such delay.

In view of the long-standing rule requiring statutory authorization for the recovery of interest on claims against the state, that portion of the judgment allowing such interest is reversed.

### Costs and Disbursements.

The trial court taxed costs and disbursements against the commission in the sum of $292.80. The notice of taxation of costs was served upon counsel for the Highway Commission on September 24, 1962, and no objections were filed. The commission has paid these costs over to the respondents. Under sec. 271.10 (3), Stats., a party opposing the taxation of costs must file a particular statement of his objections with the clerk of court. This section has been construed to place the burden upon the objecting party to point out to the clerk of court why the costs taxed are not authorized or whether they are improperly or inaccurately determined. *Martell v. Klingman* (1960), 11 Wis. (2d) 296, 312, 105 N. W. (2d) 446. In *Nichols v. United States Fidelity & Guaranty Co.* (1961), 13 Wis. (2d) 491, 500, 501, 109 N. W. (2d) 131, it was held that where a party is not satisfied with the manner in which the clerk of the court below taxed costs, he cannot ask this court, on appeal, to review the taxation of costs without first raising the question before the trial court pursuant to the procedures set forth in sec. 271.10 (4).[1] The commission, not having objected to the taxation of costs in the trial court, cannot ask this court to review the costs on appeal.

---

[1] *"Court review.* The clerk shall note on the bill all items disallowed, and all items allowed, which have been objected to; and his action may be reviewed by the court on motion of the party aggrieved made and served within ten days after taxation, which review shall be founded on the bill of costs and the objections and proof on file in respect thereto. No objection shall be entertained on such review which was not made before the clerk, except to prevent great hardship or manifest injustice."

## Motion Costs.

The Highway Commission also challenges the $10 costs assessed on its motion for summary judgment and its motion to amend the judgment. These costs were not included in the taxation of costs on the judgment, but were provided for in the orders denying the motions. Sec. 271.07, Stats., provides that costs not exceeding $10 may be allowed on motions, in the discretion of the trial court. The right to motion costs is determined at the time of the order, and they are not properly taxable in the judgment. *Day v. Buckingham* (1894), 87 Wis. 215, 218, 219, 58 N. W. 254; *Holmes v. Webb* (1917), 166 Wis. 280, 284, 164 N. W. 1007; *Christie v. Lueth* (1953), 265 Wis. 326, 335, 61 N. W. (2d) 338. It follows that the provisions of sec. 271.10 (4), requiring a party to object to the taxation of costs in the trial court do not apply to motion costs.

It is well established in Wisconsin that costs may not be taxed against the state unless authorized by statute. *Frederick v. State, supra; Holton & Hunkel Greenhouse Co. v. State, supra; Frankenthal v. Wisconsin Real Estate Brokers' Board* (1958), 3 Wis. (2d) 249, 88 N. W. (2d) 352, 89 N. W. (2d) 825. The respondents argue that since the legislature has authorized a suit against the commission for damages for change of grade, the commission is thereby subjected to the general laws applicable to a legal controversy, including the laws bearing on taxation of costs. The identical argument was raised in *Frankenthal v. Wisconsin Real Estate Brokers' Board, supra*, and was rejected by this court in the following language (p. 257a) :

"This is rather a persuasive argument and one that this court would seriously consider if we were passing on the issue for the first time. However, this very argument was rejected in *Sandberg v. State* [(1902), 113 Wis. 578, 89 N. W. 504] and for over fifty years the legislature has acquiesced in such statutory interpretation. We deem that

if a change should be made in the rule of that case, the legislature is the body which should make it and not this court."

It was therefore error for the trial court to tax the motion costs against the state, and such error requires reversal as to this issue.

Although the writer concurs with that part of the majority opinion which affirms the allowing of costs and disbursements, I disagree with the majority's determination that interest and costs are not recoverable against the Highway Commission in an action commenced under sec. 32.18, Stats. That section gives a property owner the right to sue the State Highway Commission for damages to his lands occasioned by a change in the grade of any street or highway. Sec. 32.18 was amended in 1960 for the purpose of changing existing law both procedurally and substantively so as to provide greater benefit to the property owner in such cases.[2] The statute contemplates making the property owner whole again after the damage to his lands, yet the decision of the majority in the instant action has the effect of penalizing the property owner by denying him interest on the money awarded to him, and by making him bear the burden of the statutory costs and fees involved in obtaining this award.

The writer would not apply the rule of the *Frankenthal Case* and similar cases to actions commenced pursuant to sec. 32.18, Stats.

*By the Court.*—That part of the judgment awarding costs to the plaintiffs in the amount of $292.80 is affirmed. That part of the judgment which awards interest to the plaintiffs on the verdict at the rate of five percent from May 17, 1960, to the date of the judgment and the orders

---

[2] See The New Eminent Domain Law and the Wisconsin Practitioner, 1960 Wisconsin Law Review, 430, and also Governor Thomson's statement at the time a special committee was appointed to study the problems of land acquisition in 1958, reprinted in 1958 Wisconsin Blue Book, 791.

granting $10 motion costs against the state on its motion for summary judgment, and its motion to amend the judgment, are reversed. No costs on appeal allowed to either party.