MISSISSIPPI STATE HIGHWAY COMMISSION *v.* MORGAN, et ux.

No. 43747          January 17, 1966          181 So. 2d 905

*Boyd, Holifield & Harper,* Laurel, for appellant.

*Gartin, Hester & Pickering,* Laurel, for appellees.

GILLESPIE, P. J.

Ray Morgan, plaintiff below and appellee here, brought suit against the Mississippi State Highway Commission, defendant below and appellant here, for recovery of attorneys' fees and other expenses incurred in successfully prosecuting a petition for writ of prohibition. The case was tried before the county judge without a jury, and judgment entered for plaintiff. Defendant appealed to the circuit court, and that court affirmed the county court. The Highway Commission appealed to this Court.

The question for our decision is whether, under the particular facts and circumstances, the plaintiff is entitled to recover under the terms of Mississippi Code Annotated section 2775 (1956). We hold he was, and affirm the case.

On May 17, 1963, the Highway Commission filed an application in eminent domain for the condemnation of certain property belonging to Morgan, describing it in two separate parcels. Parcel No. 1 was a strip to be used for the right-of-way of Interstate Highway 59. Parcel No. 2 consisted of an easement over a strip of land 939 feet long and 30 feet wide for the purpose of relocating an access road so that another landowner, Keller, could use the strip through the Morgan tract to reach the public road.

On May 29, 1963, Morgan filed a petition for a writ of prohibition in the circuit court to prohibit the Highway Commission from taking the property described in Parcel No. 2. The petition was not concerned with Parcel No. 1. After a full hearing, the circuit court issued a writ of prohibition permanently restraining the Highway Commission from condemning Parcel No. 2, being the

easement above described. On appeal to this Court, the judgment of the circuit court was affirmed without prejudice to any other rights or remedies which the Highway Commission might assert. Mississippi State Highway Comm'n v. Morgan, 248 Miss. 631, 160 So. 2d 77 (1964).

Thereafter the Highway Commission adopted a new order for the condemnation of an easement across the Morgan property, and filed an amended application in the original eminent domain proceedings by amending the description of Parcel No. 2, so as to correct the defect which resulted in the issuance of the writ of prohibition. This amended application was filed on March 17, 1964, and on the seventh day of April, 1964, Morgan filed another petition for a writ of prohibition, seeking to restrain the Highway Commission from condemning Parcel No. 2, as described in the amended application. The circuit court again issued a writ of prohibition, and the Highway Commission appealed to this Court, where the judgment of the circuit court was reversed, and the writ of prohibition dissolved. Mississippi State Highway Comm'n v. Morgan, 175 So. 2d 606 (Miss. 1965).

In the meantime, the present suit was filed by Morgan on February 25, 1964, prior to the trial of the eminent domain suit on the amended petition.

Morgan brought this suit against the Highway Commission under Mississippi Code Annotated section 2775 (1956) which provides as follows:

In case the plaintiff shall fail to pay the damages and costs awarded to the defendant within ninety days from the date of the rendering of the final judgment, if such judgment is not appealed from, or within ninety days after the affirmance of such final judgment on appeal, or in case the suit shall be dismissed by the plaintiff, or the judgment be that the plaintiff is not entitled to a judgment condemning the property,

the defendant may recover of the plaintiff in an action brought therefor, all reasonable expenses, including attorneys' fees, incurred by him in defending the suit.

This statute creates a right of action for the recovery by a defendant in eminent domain of all reasonable expenses incurred in defending the eminent domain suit whenever (1) the plaintiff (condemnor) shall fail to pay the damages and cost awarded to the defendant within ninety days from the date of the judgment if the case is not appealed, or within ninety days after affirmance of such final judgment on appeal, or, (2) in case the suit be dismissed by the plaintiff, or, (3) the judgment be that the plaintiff is not entitled to a judgment condemning the property.

Morgan contends that the judgment in the first writ of prohibition suit, which was affirmed by this Court on appeal, was a judgment that the plaintiff (Highway Department) was not entitled to a judgment condemning Parcel No. 2, as described in the Highway Department's original application in eminent domain. The Highway Department contends that since this Court affirmed the judgment of the circuit court ordering the writ of prohibition without prejudice to further proceedings by the Highway Department against Morgan, there was no final judgment that the Highway Department was not entitled to condemn the property described as Parcel No. 2.

In the original application in eminent domain, the Highway Department sought to condemn an easement across Morgan's land for use as a substitute means of access to the Keller property. The Highway Department abused its discretion in seeking to condemn Parcel No. 2 because it terminated in a dead end on Morgan's property, and would not connect Keller's property to the public road. Mississippi State Highway Comm'n v. Morgan, 248 Miss. 631, 160 So. 2d 77 (1964). The amended application of the Highway Department in-

cluded a proper description of Parcel No. 2 so that the easement would connect the Keller property with the public road. On appeal from the second judgment of the circuit court ordering a writ of prohibition, this Court reversed and held that the Highway Department could condemn the easement as described in Parcel No. 2, along with the property described in Parcel No. 1. Mississippi State Highway Comm'n v. Morgan, 175 So. 2d 606 (Miss. 1965).

Mississippi Code Annotated section 2775 (1956) is a remedial statute, the purpose of which is to afford a remedy to a defendant in an eminent domain suit to recover expenses incurred in defending the case whenever the condemnor (plaintiff) does not pay damages and cost for the reasons enumerated above. There was a final judgment that the Highway Department was not entitled to a judgment condemning Parcel No. 2 as described in the original eminent domain proceedings. The writ of prohibition forever restrained the Highway Department from condemning the Parcel No. 2. After another order was adopted by the Highway Department, the eminent domain application was amended so that Parcel No. 2 included additional land in order that the substituted easement would afford access from Keller's land to the public road. The subsequent proceedings did not nullify the original final order for a writ of prohibition restraining the Highway Department from condemning Parcel No. 2 as originally described.

██ █ We hold that the present case is maintainable under Mississippi Code Annotated section 2775 (1956). The proceedings for a writ of prohibition resulted in a judgment "that the plaintiff is not entitled to a judgment condemning the property." The expenses involved in prosecuting these proceedings were incurred through no fault of Morgan, and he is entitled to recover under the plainest principles of justice. The statute was intended to provide a remedy in this kind of case.

The other contentions of the Highway Department on this appeal are without merit, and do not require discussion.

Affirmed.

*Rodgers, Jones, Brady and Inzer, JJ.,* concur.