MARTINEAU (Beth Carroll), individually and as trustee, Appellant, v. STATE CONSERVATION COMMISSION, Respondent. [Case No. 252.]

MARTINEAU (Elizabeth), Appellant, v. STATE CONSERVATION COMMISSION, Respondent. [Case No. 253.]

*Nos. 252, 253. Argued February 1, 1972.—Decided March 2, 1972.*
(Also reported in 194 N. W. 2d 664.)

For the appellant there were briefs and oral argument by *Dale T. McKenna* of Jefferson.

For the respondent there was a brief by *Bakken & Feifarek* of Madison, and oral argument by *James F. Bakken.*

HANLEY, J.　The sole issue presented on this appeal is whether appellant is entitled to have a reasonable amount of attorney's fees assessed against the state in this action.

This court has frequently held that costs may not be taxed against the state or an administrative agency of the state unless expressly authorized by statute. *Frankenthal v. Wisconsin Real Estate Brokers' Board* (1958), 3 Wis. 2d 249, 257, 258, 88 N. W. 2d 352, 89 N. W. 2d 825; *Klingseisen v. State Highway Comm.* (1964), 22 Wis. 2d 364, 370, 126 N. W. 2d 40; cf: *State ex rel. Reynolds v. Smith* (1963), 19 Wis. 2d 577, 583, 120 N. W. 2d 664. In Annot. (1960), 72 A. L. R. 2d 1379, entitled *Liability of state, or its agency or board, for costs in civil action to which it is a party,* it is stated, at page 1383:

"The fundamental principle that underlies the present subject is that normally the state is immune from the payment of court costs and that before costs can be imposed on it, some statutory authority therefor must be in existence. . . ."

Even though statutes allowing the taxation of costs against the sovereign are, in a sense, remedial, they are in derogation of the common law and should, therefore, be strictly construed. *Herro v. Natural Resources Board* (1971), 53 Wis. 2d 157, 192 N. W. 2d 104.

Here appellant relies on sec. 32.06 (9) (a), Stats., to support her contention that she be awarded attorney's fees at the expense of the state. That section reads as follows:

"The condemnor must within 30 days after the date of filing of the commission's award, if it desires to abandon the proceeding, petition the judge of the circuit court of the county wherein the property is situated, upon 5 days' notice by certified mail to the owner, for leave to abandon the petition for taking. The circuit judge shall grant such petition upon such terms [1] as he deems just, which terms may include reasonable expert witness fees incurred by condemnee for not to exceed 3 expert witnesses and a reasonable attorney's fee both as approved by the judge. Upon payment of such amount into court for the benefit of the owner, the judge shall make a formal order discontinuing said proceeding which order shall be recorded in the judgment book of the court after the record of the commission's award. The order shall operate to divest any title of condemnor to the lands involved and to automatically discharge the lis pendens."

Sec. 32.17 (3) specifically allows recovery from the state of costs and disbursements, including reasonable attorney's fees in case of abandonment of condemnation proceedings.

---

[1] The word "terms" has been defined by this court as being " 'such penalty *as will save the opposing party harmless from pecuniary loss,* and which can be satisfied by the payment of a fixed sum of money.' " *Witzel v. Madison Metropolitan Sewerage Dist.* (1958), 5 Wis. 2d 443, 449, 93 N. W. 2d 174.

The legislative intent is clearly expressed in the above statute—"in case of abandonment."

Respondent contends that, even disregarding the statutory provisions, appellant has incurred no "large expense" for attorney's fees, inasmuch as the contingent fee contract provides "[i]f no recovery is obtained, no fees shall be payable to the attorneys." Since this court determined that the state had no authority to condemn appellant's property, no "recovery" is possible. It is, therefore, contended that the state should not be assessed an amount for attorney's fees which appellant is not legally bound to pay. Some jurisdictions have accepted that argument. However, this court has rejected the proposition that a contingent fee contract relieves the state of the responsibility of paying a reasonable amount for attorney's fees under sec. 32.06 (9) (a), Stats. *Hutterli v. State Conservation Comm.* (1967), 34 Wis. 2d 252, 259, 148 N. W. 2d 849. The existence of a contingent fee contract in a condemnation proceeding does not necessarily mean that an attorney may not recover a reasonable amount as payment for the efforts he has expended on the condemnee's behalf. He may have a cause of action under either *quantum meruit* or implied contract where he renders services in addition to those contemplated by the contingent fee arrangement. *Department of Public Works v. Lanter* (1958), 15 Ill. 2d 33, 153 N. E. 2d 552. We think the nature of the fee agreement between appellant and her attorney has no bearing on this case.

The question is whether sec. 32.06 (9) (a), Stats., contemplates awarding attorney's fees in the event of involuntary abandonment of condemnation proceedings brought about by a mandate of this court. Although the question has not been presented in Wisconsin, a number of other states, interpreting statutes similar to ours, have held that attorney's fees may not be taxed against the state upon involuntary dismissal of the action. In *Detroit International Bridge Co. v. American Seed Co.* (1930), 249 Mich. 289, 228 N. W. 791, 795, it was held

that the term "abandon" implies intentional, voluntary action. Therefore, where the condemnor did not intend to abandon the proceedings, but was forced to do so by the condemnee, there was no "abandonment" as contemplated by a statute similar to sec. 32.06 (9) (a).

*English v. Railway* (1918), 21 Ohio N. P. (n. s.) 518, 30 Ohio Dec. 230, involved a condemnation action commenced by a railroad. The landowner succeeded in having the action dismissed by the court and moved to have his costs, expenses and attorney's fees taxed against the railroad under a statute which provided for payment of these costs upon abandonment of the proceedings. The court held that he was not entitled to recover these amounts, stating at page 519:

"It seems clear that the statute contemplates a voluntary act of dismissal of the proceeding. The purpose is to require the public service corporation to reimburse property owners for costs and expenses incurred in the conduct of the proceeding where it is voluntarily discontinued. . . ."

In *Mound City v. Mason* (1916), 199 Ill. App. 120, a case very similar to the instant action, it was also held that the landowner was not entitled to attorney's fees or other expenses. The condemnee appealed from a jury award in a condemnation action and succeeded in having the state supreme court reverse and remand the case. An amended petition was filed by the condemnor, which was dismissed on the motion of the landowner. The owner then moved to have the condemnor pay the attorney's fees and other expenses for the entire action, including the appeal to the supreme court, basing his motion on a statute which provided for payment of such costs in the event the condemnor dismissed the petition before entry of the order of condemnation, or failed to pay the compensation required by the order. The court stated, at page 125, that the statute:

". . . only applies where the petition is voluntarily dismissed by the petitioner or where the petitioner fails to pay the compensation within the time fixed by the statute. It is well to bear in mind in the construction of a statute, with reference to the allowance of attorneys' fees, to be taxed against the opposite party, that such statute is in derogation of the common law and that there is no right to have such fees so taxed unless the provision of such statute clearly warrants the same."

Interpreting a statute which allowed the abandonment of condemnation proceedings upon payment of costs and disbursements, including attorney's fees, the court in *Whittier v. Aramian* (1968), 264 Cal. App. 2d 683, 686, 70 Cal. Rptr. 805, 807, stated:

". . . [N]ot every dismissal of an action amounts to its abandonment, for if the dismissal is involuntary there is no abandonment. Such is the case of a plaintiff permanently enjoined from proceeding with its condemnation action. *(City of Los Angeles v. Abbott* [1933], 129 Cal. App. 144 [18 P. 2d 785]; *City of Los Angeles v. Abbott* [1932], 217 Cal. 184 [17 P. 2d 993].) In the former *Abbott* case the appellate court declared: 'Abandonment includes the intention to abandon, and the external act by which such intention is carried into effect.' (129 Cal. App. at p. 148 [18 P. 2d at p. 787].) The difficulty, of course, lies in determining the intention of the condemnors. In the latter *Abbott* case the Supreme Court stressed the factor of voluntariness: 'Whenever the condemnor voluntarily abandons it is only fair and equitable that the defendants in the condemnation suit should be recompensed, but where the condemnor, as here, has conclusively shown that it in good faith was prosecuting the action, and only desisted because of an injunction, no good reason exists why the defendants should recover their attorneys' fees.' (217 Cal. at p. 198 [17 P. 2d 993, 997].)"

A similar construction was placed on the statute in *Shuey v. Preston* (1961), 172 Ohio St. 413, 414, 17 Ohio Ops. 2d 258, 177 N. E. 2d 789, where the court noted:

"The director certainly could not abandon or give up something that had previously ceased to exist. In each of these three cases, the final order of the Common Pleas Court dismissing the appropriation proceedings eliminated any opportunity which the director had to abandon those proceedings and, after that order of dismissal, there were no proceedings to be abandoned."

The Supreme Court of Illinois disallowed costs and attorney's fees where the condemnee obtained an injunction against the condemnor. The court, in *County of Will v. Cleveland* (1939), 372 Ill. 111, 113, 22 N. E. 2d 929, stated:

". . . It is not the purpose of section 10 of the Eminent Domain act to give defendants costs, expenses, and attorney's fees for winning their case. Its purpose is to reimburse the property owner where petitioner voluntarily abandons its condemnation suit either before or after judgment. Where the record shows the abandonment or dismissal was caused by defendant, as in this case, he cannot recover."

Clearly, those courts which have considered the question of taxing attorney's fees and other costs against the condemnor after involuntary dismissal of the proceedings under statutes similar to sec. 32.06 (9) (a), Stats., uniformly hold that the statute was not intended to apply to such a situation. Appellant cites two cases which allegedly hold contrary to the majority rule: *Mississippi State Highway Comm. v. Morgan* (1966), 254 Miss. 630, 181 So. 2d 905; and *Miami Beach v. Cummings* (Fla. 1970), 233 So. 2d 842. However, those cases arose in states in which the relevant statute is substantially different from sec. 32.06 (9) (a). In both cases cited the statutes specifically provided for the allowance of attorney's fees.

We think that appellant is not entitled to have attorney's fees taxed against the state under sec. 32.06 (9) (a), Stats., inasmuch as the statute, by its terms, plainly contemplates voluntary abandonment of

condemnation and does not apply in a situation in which this court has determined that the condemnor has no authority to take the property in question. Any other interpretation would violate the rule against taxation of costs against the state in the absence of a statute expressly allowing such taxation.

Appellant also contends that the denial of attorney's fees would be violative of art. I, sec. 13 of the Wisconsin Constitution, which provides:

"The property of no person shall be taken for public use without just compensation therefor."

The same contention was raised and rejected by this court in *North America Realty Co. v. Milwaukee* (1926), 189 Wis. 585, 586, 208 N. W. 489, wherein the following was stated:

"The argument runs that since expenses have to be incurred in condemnation proceedings such expenses must be recovered in addition to the award in order that 'just compensation' for the land may be had. Practically that is true. But it is equally true in nearly every other lawsuit. The prevailing party does not recoup his total expenses. He can tax only statutory costs, and they usually fall short of the actual costs of the litigant. In contemplation of law, however, statutory costs are full compensation, and when those are taxed in favor of the prevailing party he is presumed to be made whole."

We conclude that the trial court did not err in allowing no more than the costs permitted under sec. 271.04, Stats. Appellant, in effect, is requesting this court to judicially legislate so as to make sec. 32.06 (9) (a) applicable to involuntary termination of condemnation proceedings as well as voluntary. The request should be directed to the legislature.

*By the Court.*—Order affirmed.

HEFFERNAN, J. *(dissenting)*. I must concur in the logic of the majority and its citation of authority from

other jurisdictions. I cannot, however, agree with the result.

The fact remains that the appellant was grievously damaged by the State Conservation Commission's *ultra vires* attempt to condemn her land. It seems strange that the legislature permits the recovery of costs when the state agency acts in good faith and abandons a condemnation project, but permits no recovery when the agency has been found culpable of abusing its statutory authority. It should be remembered that the agency forced the appellant to great expense for hearings while the very question of its power to condemn at all was pending in this court.

In the Constitution of the State of Wisconsin (art. I, sec. 9) appears the requirement:

"Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character . . . conformably to the laws."

Here, Elizabeth Martineau was demonstrably wronged in her property rights. While legislative oversight has failed to provide a "certain" remedy, under the fundamental law of the state, she should not be foreclosed of relief. Hers is a constitutional prerogative partaking of certain elements of the due-process right not to be deprived of property without just compensation. She has been forced to incur extensive obligations to assert her right to keep her property from the unauthorized assaults of a state agency. This is deprivation of property without due process and without just compensation.

In view of the clear constitutional mandate that she shall have a remedy, coupled with the legislature's policy decision to pay compensation where there has been a good faith voluntary abandonment by the state, I would not construe the legislature's language to bar a remedy in an analogous and even more meritorious case.

To so construe the law is not a usurpation of legislative power by this court; it is the construction of a statute that avoids finding that the legislative action has been absurd. I believe that by reasonable implication payment of costs is to be made as in a voluntary abandonment.

Since I have not persuaded the majority of the court to my point of view, the aggrieved citizen goes remediless here. The legislature should correct what the majority deems to be a hiatus in the law, and should remedy the wrong that this court has decided it cannot remedy.

I am authorized to state that Mr. Chief Justice HALLOWS joins in this dissent.