ROBERTSON, Presiding Justice,
for the Court:
S. B. Gresham and John C. Dunlap brought suit against the Mississippi State Highway Commission in the Circuit Court of Marshall County to recover attorneys’ fees and appraisers’ fees totaling $35,141.60, plus a like amount as punitive damages.
In their declaration, plaintiffs alleged that they had incurred $35,141.60 expenses in securing a $150,000 verdict in an eminent domain suit, and that under the provisions of Mississippi Code Annotated section 11-27-37 (1972) they were entitled to recover these expenses because the Commission hadn’t paid off in full the $150,000 judgment within 90 days after the judgment became final.
Mississippi Code Annotated section 11-27-37 (1972) provides:
“In case the petitioner shall fail to pay the damages and costs awarded to the defendant within ninety (90) days from the date of the rendering of the final judgment, if such judgment is not appealed from, or within ninety (90) days after the affirmance of such final judgment on appeal, or in case the suit shall be dismissed by the petitioner except pursuant to settlement, or the judgment be that the petitioner is not entitled to a judgment condemning the property, the defendant may recover of the petitioner in an action brought therefor, all reasonable expenses, including attorneys’ fees, incurred by him in defending the suit.”
On July 20, 1976, the following mandate of this Court was issued:
“This cause having been submitted at a former day of this Term on the record herein from the Special Court of Eminent Domain of Marshall County and this Court having sufficiently examined and considered the same and being of the opinion that there is no error therein doth order and adjudge that the judgment of said Special Court rendered in this cause on the 13th day of June, 1974, be and the same is hereby affirmed. Judgment is in favor of S. B. Gresham and John C. Dunlap against Mississippi State Highway Commission in the amount of $150,000.00 with interest thereon at the rate of 6% per annum from the date of the filing of the Petition until paid together with all costs taxed in the Court below and this Court adds the sum of $7,500.00 being damages at the rate of 5% as provided for by statute. It is further ordered and adjudged that the appellant do pay all of the costs of this appeal to be taxed.”
It was not until this Mandate was received by the Highway Commission that it knew the exact amount of the judgment and damages.
Having paid $68,200 into court back on May 26,1974, under the Quick-Take statute, the Commission, on August 26, 1976, paid Plaintiffs $100,782.48, and on September 22, 1976, the Commission paid the final balance of $1,942.32. So all except $1,942.32 of the final judgment was paid within 36 days of notification of the exact amount thereof.
It was not the intent of the statute (section 11-27-37) to cover a situation of this *828 kind, and, even if it were, the final judgment was paid in full well within the 90 days mentioned in the statute.
Mississippi State Highway Commission v. Morgan, 254 Miss. 630, 181 So.2d 905 (1966), is in no wise applicable to this case. The situation in Morgan was that the defendant had successfully obtained a writ of prohibition forever restraining the Highway Commission from condemning a parcel of land as defectively described in the Commission’s original petition. All Morgan was trying to recover were expenses incurred in successfully securing a permanent writ of prohibition.
The circuit court was correct in denying recovery of any damages in this case.
We are reinforced in our opinion by the fact that the Mississippi Legislature, in 1978, amended section 11-27-37 to delete “or within ninety (90) days after the af-firmance of such final judgment on appeal”, thus making the amended statute to read:
“In case the petitioner shall fail to pay the damages and costs awarded to the defendant within ninety (90) days from the date of the rendering of the final judgment, if such judgment is not appealed from, or in case the suit shall be dismissed by the petitioner except pursuant to settlement, or the judgment be that the petitioner is not entitled to a judgment condemning property, the defendant may recover of the petitioner in an action brought therefor all reasonable expenses, including attorneys’ fees, incurred by him in defending the suit.” (Laws of Mississippi, 1978, Ch. 335, § 9, eff. July 1, 1978).
The judgment of the trial court, that the plaintiffs recover only court costs, is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.