Wisconsin DEPARTMENT OF TRANSPORTATION, Petitioner-Appellant,†

v.

WISCONSIN PERSONNEL COMMISSION, Respondent-Respondent.

Court of Appeals

*No. 91-1678. Submitted on briefs March 20, 1992.—Decided June 4, 1992.*

(Also reported in 486 N.W.2d 545.)

†Petition to review granted.

For the petitioner-appellant the cause was submitted on the briefs of *Barbara Foster Bird* of *Wisconsin Department of Transportation* of Madison.

For the respondent-respondent the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Stephen M. Sobota,* assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

EICH, C.J. The Wisconsin Department of Transportation appeals from an order affirming the state personnel commission's decision directing the department to pay costs and attorney fees for discovery motions filed by a complainant in a proceeding under the Wisconsin Fair Employment Act. The issue is whether the commission has the authority to award motion costs against the department. We conclude that it does and affirm the order.

Dwight Beaverson complained to the commission that the department had discriminated against him in violation of the Fair Employment Act. He sought discov-

ery, and when the department refused to comply with his discovery request, he moved to compel discovery and sought to recover his attorney fees for the motion. The department opposed the motion, arguing that neither the commission's rules nor applicable statutes authorized an award of costs or fees against the state in such circumstances. Relying on its authority under Wis. Adm. Code sec. PC 4.03 and sec. 804.12(1)(c), Stats.,[1] the commission ordered the department to answer Beaverson's interrogatories, to produce certain documents, and to pay Beaverson's attorney fees on the motion. The circuit court affirmed.

██ Whether the commission has authority to award costs and attorney fees under the Fair Employment Act is a question of law, and the general rule is that we are not bound by an agency's legal conclusions. *West Bend Educ. Ass'n .v. WERC,* 121 Wis. 2d 1, 11, 357 N.W.2d 534, 539 (1984). In some cases, however, we defer to an

---

[1]Wisconsin Adm. Code sec. PC 4.03 provides:

**Discovery.** All parties to a case before the commission may obtain discovery and preserve testimony as provided by ch. 804, Stats. For good cause, the commission or the hearing examiner may allow a shorter or longer time for discovery or for preserving testimony than is allowed by ch. 804, Stats. For good cause, the commission or the hearing examiner may issue orders to protect persons or parties from annoyance, embarrassment, oppression or undue burden or expense, or to compel discovery.

Section 804.12(1)(c)1, Stats., provides:

If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

agency's legal conclusions and interpretation of statutes. *William Wrigley, Jr., Co. v. DOR,* 160 Wis. 2d 53, 69, 465 N.W.2d 800, 806 (1991), *rev'd on other grounds,* 120 L. Ed. 2d 174 (1992).

The commission is charged by the legislature with the duty of hearing and deciding discrimination claims and applying the provisions of the Fair Employment Act to particular cases. Sec. 111.375(2), Stats.; *Phillips v. Personnel Comm'n,* 167 Wis. 2d 205, 216, 482 N.W.2d 121, 125 (Ct. App. 1992). Where, as here, "the agency is charged by the legislature with the duty of applying the statute being interpreted, the agency's interpretation 'is entitled to great weight.' " *Id.* at 215, 482 N.W.2d at 125 (citation omitted). We thus will uphold the commission's interpretation unless it is clearly contrary to the legislative intent as expressed in the statute. *Id.* at 216, 482 N.W.2d at 125. And if the commission's interpretation is reasonable, we will affirm even if another conclusion is equally reasonable. *Id.,* citing *DILHR v. LIRC,* 161 Wis. 2d 231, 245, 467 N.W.2d 545, 550 (1991).

In *Watkins v. LIRC,* 117 Wis. 2d 753, 345 N.W.2d 482 (1984), the supreme court held that the Fair Employment Act authorized an agency to award attorney fees to the prevailing complainant in a discrimination action. Although the act does not expressly state that attorney fees may be recovered, the court held that authority to award fees "may be fairly implied" from its terms. *Id.* at 763, 345 N.W.2d at 487. In so ruling, the court emphasized the purpose of the act—banning discriminatory employment practices—and the legislative mandate to liberally construe its provisions. *Id.*

We agree with the commission that the *Watkins* rationale is equally applicable here. The commission pointed out that there were "a number of parallels

between the situation in *Watkins* and th[is] situation," including the fact that both "involve proceedings under the [Fair Employment Act], and in both . . . it can be said that an award of costs would be consistent with the [Fair Employment Act's] liberal interpretation clause." The commission then quoted at some length from Justice Bablitch's opinion in *Watkins:*

> [I]t is evident that the authority to award reasonable attorney's fees to a prevailing complainant is necessary in order to fully enforce and give meaning to the rights created by the [WFEA]. The legislature could not have intended the [WFEA] to be a meaningless, empty gesture. However, a right without the means to enforce it is meaningless. If rights are to be meaningful, they must be enforceable. To enforce the rights guaranteed under the [WFEA], assistance of counsel is fundamental. One of the more invidious aspects of discrimination is that its targets are frequently the economically weak, who are often unable to afford . . . counsel. Without the assistance of counsel, the ability to vindicate one's rights under the [WFEA] is so impaired that it renders the existence of those rights nearly meaningless. *Id.,* 117 Wis. 2d at 765, 345 N.W.2d at 488.

Based on *Watkins,* the commission concluded:

> Much of this rationale also applies to the ability of a complainant to recover motion costs with respect to discovery . . . where a state agency's opposition to a motion or failure to comply with a discovery order is not substantially justified. The ability to conduct discovery is an important tool of a complainant attempting to prosecute a [W]FEA complaint, just as it is an important tool of the employer in defending against a complaint. A state agency/employer inherently has substantially more resources than a complainant.

633

We conclude that the commission's interpretation of its discovery rules and the applicable provisions of the Fair Employment Act—as authoritatively construed by the supreme court—is reasonable and thus is not subject to reversal on appeal.

The department disagrees, contending that the fees may not be assessed against it under any circumstances, citing the general rule—based on considerations of sovereign immunity—that attorney fees are not recoverable against the state in the absence of express statutory authority. *Martineau v. State Conservation Comm'n,* 54 Wis. 2d 76, 194 N.W.2d 664 (1972); *State v. Beloit Concrete Stone Co. and AAA Disposal Systems,* 103 Wis. 2d 506, 309 N.W.2d 28 (Ct. App. 1981).

The state and its agencies, however, are specifically included within the definition of "employer" under the Fair Employment Act. *See* sec. 111.32(6)(a), Stats. (" 'Employer' means the state and each agency of the state"). Because the legislature has unambiguously subjected the state and its agencies to the provisions of the act, and because, as the supreme court held in *Watkins,* the terms of the act fairly imply the authority to recover costs and fees against those persons and entities so covered, we consider that any claim of sovereign immunity has been effectively waived in this case, as it was in *Watkins.*

*By the Court.*—Order affirmed.

SUNDBY, J. *(dissenting).* The court concludes that the state Personnel Commission may order the state Department of Transportation to pay attorney fees on a discovery motion under sec. 804.12(1)(c), Stats. I disa-

gree. Section 804.12(1)(c) does not provide for the assessment of discovery costs against the state.

The court concludes that:

> Because the legislature has unambiguously subjected the state and its agencies to the provisions of the [Fair Employment Act], and because, as the supreme court held in *Watkins [v. LIRC,* 117 Wis. 2d 753, 345 N.W.2d 482 (1984)], the terms of the act *fairly imply the authority to recover costs and fees* against those persons and entities so covered, we consider that any claim of sovereign immunity has been effectively waived . . ..

Maj. op. at 634 (emphasis added).

The sovereign immunity of the state may not be waived by implication. "[C]osts may not be taxed against the state or an administrative agency of the state *unless expressly authorized by statute." Martineau v. State Conservation Comm'n,* 54 Wis. 2d 76, 79, 194 N.W.2d 664, 666 (1972) (emphasis added). *See* L.S. Tellier, Annotation, *Liability of State, or Its Agency or Board, for Costs in Civil Action to Which It Is a Party,* 72 A.L.R.2d 1379, 1399 (1960). We are bound to follow the precedent of supreme court decisions and our own decisions. In *State v. Beloit Concrete Stone Co.,* 103 Wis. 2d 506, 513-14, 309 N.W.2d 28, 31 (Ct. App. 1981), we held that sec. 804.12(1)(c), Stats., does not authorize assessment of expenses on discovery motions against the state.

The court concludes, however, that because the legislature has subjected the state and its agencies to the Wisconsin Fair Employment Act (WFEA), sec. 111.32(6)(a), Stats., the legislature has waived the state's sovereign immunity from the payment of costs on discovery motions. However, such costs are not assessed under the WFEA, but under sec. 804.12(1)(c), Stats.

635

There is nothing in that statute from which one may infer that the legislature intended to waive the state's sovereign immunity should a discovery motion be brought against the state or one of its agencies in the course of proceedings under the WFEA. Including the state and its agencies in a regulatory statute does not thereby subject them to general laws applicable to a legal controversy. *Klingseisen v. State Highway Comm'n,* 22 Wis. 2d 364, 370–71, 126 N.W.2d 40, 43 (1964).

The court also relies on the "make-whole" philosophy of *Watkins.* However, the *Watkins* court recognized that "the provisions of the Fair Employment Act do not expressly refer to an award of attorney's fees." 117 Wis. 2d 753, 759, 345 N.W.2d 482, 485 (1984). The court concluded that DILHR's authority to award reasonable attorney's fees to a prevailing complainant "may be fairly implied from [sec. 111.36(3)(b), Stats.]." *Id.* at 763, 345 N.W.2d at 487. However, the authority to award costs, including attorney's fees, against the state or its agencies may not be established by implication but must be established expressly. When the legislature has considered it in the public interest to authorize costs and fees against a state agency, it has done so expressly. *See* the Equal Access to Justice Act, secs. 227.485 and 814.245, Stats.

For these reasons I respectfully dissent.