Wisconsin DEPARTMENT OF TRANSPORTATION, Petitioner-Appellant-Petitioner,

v.

WISCONSIN PERSONNEL COMMISSION, Respondent-Respondent.

Supreme Court

*No. 91–1678. Submitted on briefs April 28, 1993.—Decided June 9, 1993.*

(Also reported in 500 N.W.2d 664.)

732

For the petitioner-appellant-petitioner there were briefs by *Barbara Foster Bird,* assistant general counsel, Department of Transportation.

For the respondent-respondent the cause was submitted on the brief of *Stephen M. Sobota,* assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

LOUIS J. CECI, J.   This case is before the court on the Wisconsin Department of Transportation's

(DOT) petition for review of a published court of appeals decision, *Dept. of Transp. v. Wis. Personnel Comm.,* 169 Wis. 2d 629, 486 N.W.2d 545 (Ct. App. 1992). The court of appeals, with Judge Sundby dissenting, affirmed the decision of the circuit court for Dane County, Susan Steingass, Circuit Judge, which in turn affirmed the Wisconsin Personnel Commission's (Commission) order directing the DOT to pay costs and attorney's fees for a discovery motion made by an individual who had filed a complaint against the DOT under the Wisconsin Fair Employment Act (WFEA). *Dept. of Transp.,* 169 Wis. 2d at 634. The issue is whether the Commission has the authority to order a state agency to pay costs and attorney's fees related to a discovery motion. Because we find no express statutory authorization for the Commission's order, we reverse.

The facts are undisputed. Dwight Beaverson filed a complaint against the DOT, alleging that the DOT had discriminated against him in violation of the WFEA. At the time the briefs were filed in this case, the Commission had not yet issued an initial determination in Beaverson's case. During discovery, Beaverson moved to compel the answer to certain interrogatories. The Commission granted Beaverson's motion in part. The DOT filed an amended reply and Beaverson filed another motion to compel, alleging the amended reply was unresponsive. The Commission granted the motion to compel and then held a hearing to determine whether to award motion costs. Relying primarily on sec. 804.12, Stats.; Wis. Admin. Code sec. PC 4.03; and our decision in *Watkins v. LIRC,* 117 Wis. 2d 753, 345 N.W.2d 482 (1984), the Commission held that it had the authority to tax costs and attorney's fees against

the DOT. The circuit court and court of appeals both affirmed.

The question of whether the Commission has the authority to tax costs and attorney's fees against a state agency in this case is a question of law. We are not bound by an administrative agency's conclusions of law. *Kelley Co., Inc. v. Marquardt,* 172 Wis. 2d 234, 244, 493 N.W.2d 68 (1992). However, we give agency conclusions of law varying levels of deference. We give "great weight" to the agency's conclusion if the agency's experience, technical competence, and specialized knowledge aid the agency in the interpretation and application of a statute. *Id.* We give "due weight" or "great bearing" to an agency's conclusion if the issue is very nearly one of first impression. *Id.* Finally, we give no deference to an agency conclusion when the issue is clearly one of first impression for the agency and the agency lacks special expertise or experience in determining the issue presented. *Id.*

The issue in this case is one of first impression. The Commission did not rely on any precedent in reaching its conclusion. It did rely on *Watkins,* 117 Wis. 2d 753, but only because it thought *Watkins* contained certain parallels to this case. *Watkins,* however, held only that a prevailing complainant under the WFEA may recover attorney's fees. *Watkins* is not authority for the Commission to assess costs against the state in this case.

Besides lacking precedent, the Commission lacks special expertise which might help it resolve the issue in this case. It is true that the Commission administers the WFEA. It does not necessarily follow, however, that simply because this case involves the WFEA, we must

give great weight to all of the Commission's legal conclusions. *Cf. Local No. 695 v. LIRC,* 154 Wis. 2d 75, 81–82, 452 N.W.2d 368 (1990). The Commission has no expertise in resolving the issue of its own authority to tax costs and attorney's fees against the state. We review the issue in this case without deference to the Commission's conclusions.

Costs, including attorney's fees, may not be taxed against the state without express statutory authorization. *Martineau v. State Conservation Comm.,* 54 Wis. 2d 76, 79, 194 N.W.2d 664 (1972). This rule is well established. *See Noyes v. The State,* 46 Wis. 250, 251–52, 1 N.W. 1 (1879) ("At the common law, costs were unknown. Costs are altogether the creature of statute."). We find no statute that expressly authorizes the Commission to tax costs against the DOT in a discovery-related motion.

Wisconsin Admin. Code sec. PC 4.03 addresses discovery before the Commission:

> All parties to a case before the commission may obtain discovery and preserve testimony as provided by ch. 804, Stats. For good cause, the commission or the hearing examiner may allow a shorter or longer time for discovery or for preserving testimony than is allowed by ch. 804, Stats. For good cause, the commission or the hearing examiner may issue orders to protect persons or parties from annoyance, embarrassment, oppression or undue burden or expense, or to compel discovery.

This rule contains no express authorization for costs against the state. Neither do the statutes which authorize the Commission to adopt rules regarding evi-

736

dence. Section 227.45(7), Stats., merely states that with regard to a class 3 contested case such as this one, "an agency may by rule permit the taking and preservation of evidence . . . ." Sections 111.375(1) and 227.11, Stats., similarly lack express authorization for the Commission's order in this case.

■

Wisconsin Admin. Code sec. PC 4.03 refers to chapter 804 of the statutes. Section 804.12(1)(c), Stats., provides:

> If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

Section 804.12(1)(c) does expressly authorize expenses, including attorney's fees. It does not, however, expressly authorize the assessment of those expenses against the state. *State v. Beloit Concrete Stone Co.*, 103 Wis. 2d 506, 513–14, 309 N.W.2d 28 (Ct. App. 1981).

The WFEA applies to state agencies. Sections 111.375(2) and 111.32(6)(a), Stats. Therefore, it could be argued that because the legislature has authorized discrimination suits against state agencies, those agencies are subject to the general rules applicable to such controversies. However, we have consistently rejected this argument. *See Klingseisen v. State High-*

737

*way Comm.,* 22 Wis. 2d 364, 370–71, 126 N.W.2d 40 (1964).

■

Even though *Watkins* did not address the question this case presents, the Commission relies heavily on *Watkins.* In *Watkins,* we held only that "[b]ecause the [WFEA] is designed both to discourage discriminatory practices in the work place and to make whole anyone discriminated against, and because the legislature specifically mandated . . . that the Act shall be liberally construed," an agency had the power to award attorney's fees to a prevailing complainant under sec. 111.36(3)(b), Stats. *Watkins,* 117 Wis. 2d at 755. (Section 111.36(3)(b) has since been renumbered to sec. 111.39(4)(c).) The prevailing complainant in *Watkins* was not a state agency. Furthermore, there has been no finding that Beaverson was discriminated against. And, while it is true the legislature has told us to liberally construe the WFEA, *see* sec. 111.31(3), Stats., the legislature has given us no such directions regarding chapters 227 and 804.

■

The question is not whether we think it would be a good idea to award costs and attorney's fees in this case. Express statutory authorization is required in order to tax costs and attorney's fees against the state. The legislature has expressly authorized costs to be taxed against the state under other circumstances. *See* secs. 227.485 and 814.245, Stats. If the legislature wishes costs and attorney's fees to be awarded in cases such as this, it can do so again. We hold that in this case the Commission does not have the authority to tax costs and attorney's fees against the state.

*By the Court.*—The decision of the court of appeals is reversed.