IN the MATTER OF the ASSESSMENT OF COST OF IMPANELING a JURY AGAINST the ATTORNEY FOR the DEFENDANT IN STATE V. Donna R. GOLLA,

Randolph E. HOUSE, Appellant,

V.

CIRCUIT COURT FOR MARINETTE COUNTY, Branch 1, The Honorable Charles Heath, Presiding, Respondent.†

Court of Appeals

*No. 82–1332. Submitted on briefs January 5, 1983.—
Decided February 22, 1983.*
(Also reported in 331 N.W.2d 859.)

† Petition to review denied.

For the appellant the cause was submitted on the brief of *Randolph E. House* of Milwaukee.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Bruce A. Olsen,* assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J. Attorney Randolph House appeals from a circuit court order requiring him to pay $894.60 in costs for impaneling a jury. The sole issue on appeal is whether the trial court has the inherent authority to assess the actual costs of impaneling a jury against a defense counsel who inadvertently failed to notify the court and the opposing party that a settlement had been accepted and then unintentionally failed to appear on the scheduled jury trial date. We affirm.

House's client was arrested for operating a motor vehicle while intoxicated. He entered a not guilty plea and filed a written jury demand with the appropriate fee. The court notified counsel that the matter was scheduled for a jury trial on February 23, 1982, but House inadvertently miscalendared the trial for March 23, 1982. House and the district attorney's office subsequently negotiated a plea bargain subject to the client's approval. The district attorney heard nothing further and appeared in court on the scheduled jury trial date with the jury present. House's client also appeared, but the court had to telephone House inquiring why he had not appeared. House responded that he had inadvertently miscalendared the trial date, but that the matter could be settled without rescheduling a jury trial. House appeared in court that afternoon and his client entered a no contest plea. At the hearing's conclusion, the court,

under sec. 814.51, Stats., assessed against House the $894.60 cost of impaneling the jury.

At the hearing on House's motion to vacate the order, the court conceded that it could not assess jury costs against counsel under sec. 814.51. The court instead based its decision to assess jury costs on its inherent power "to assure the orderly administration of justice and orderly calendaring of its cases."

House argues that the trial court must find that he acted with intentional disregard for the court or willfully disobeyed a court order before it can exercise its inherent power. House cites *Jacobson v. Avestruz*, 81 Wis.2d 240, 247, 260 N.W.2d 267, 270 (1977), for the proposition that the trial court should determine whether the conduct complained of was undertaken in bad faith before it may impose any sanctions under its inherent power. [1]

We do not read *Jacobson* to limit the trial court's inherent power to assess jury costs to instances involving a determination of bad faith. In *Jacobson,* our supreme court recognized that the trial court has the inherent power to impose jury costs as "a power necessarily related to the existence of courts and to the orderly and efficient exercise of its jurisdiction. The exercise of such power does not abridge or negate the rights of in-

---

[1] The trial court concluded that there was no bad faith on counsel's failure to appear when it stated:

Well, I would have to say at the outset I know Mr. House has appeared before this Court several times. He has always conducted himself in exemplary fashion, always prepared, always timely. I would never find fault with anything he's ever done. I guess I intimated as much when I said it hurt, but I felt that I had to do it, that is, impose the cost as I did at that time. I think there is no question that this whole thing occurred simply because Mr. House made a mistake. It is certainly not intentional. I know him better than that. He would never conduct himself in such a fashion.

dividuals preserved by the constitution." *Id.* Nor is the court's inherent power limited, abrogated, or negated by a legislative act intended to aid the court in its orderly administration of judicial business. *Id.* at 246, 260 N.W. 2d at 269.

The purpose of imposing jury costs is to deter disruptive practices that contribute to inefficiency in the court system. *State v. Foster,* 100 Wis. 2d 103, 110, 301 N.W. 2d 192, 196 (1981). "As such, an assessment of cost or expense to a county in calling a jury under sec. 814.51 is akin to a penalty for conduct disruptive to the administration of justice." *Id.* at 109, 301 N.W.2d at 195. The court's orderly and efficient exercise of its jurisdiction is as easily disrupted by negligent conduct as by bad faith conduct. In *Foster,* the supreme court affirmed the trial court's assessment of jury costs against a defendant who simply "could not explain" why a jury trial was canceled at the eleventh hour after she had accepted a plea negotiation offered by the state.

Because the trial court has the inherent power to impose the jury costs against a litigant who negligently disrupts the court's orderly administration of justice, we can conceive of no reason why this principle should not apply to an attorney whose conduct has the same effect. In this case, it was House's negligence, not his client's, that caused the court to needlessly require twenty-three jurors and two bailiffs to appear. The trial court should therefore not be restricted to imposing these costs on the litigants when in fact it is the attorney who disrupted the court process.

On appellate review, we determine in light of the particular facts and circumstances of each case whether the trial court abused its discretion in exercising its inherent authority. *Jacobson,* 81 Wis. 2d at 247, 260 N.W.2d at 270. We conclude that under the facts and circumstances of this case, the trial court properly exercised its in-

herent authority in assessing actual costs for jury fees against counsel.

The trial court had a reasonable rationale for its decision. Counsel failed to notify the court or the prosecution that his client accepted the plea bargain; counsel failed to appear on the noticed jury trial date; the court, its staff, and the jury appeared; other judicial matters could have been scheduled on this date, but for counsel's mistake; and the county in fact incurred $894.60 in needless expenses to bring in the jury. It would be inequitable to require the county to bear this unnecessary expense because of counsel's neglect. The trial court's assessment was also reasonable because it was limited to the actual costs of impaneling the jury.

*By the Court.*—Order affirmed.