730 N.W.2d 421 (2007)
2007 WI App 36
In the Matter of SANCTIONS IN STATE
v.
James ZARAGOZA.
Amy M. Flottmeyer and Monroe County District Attorney's Office, Appellants,
v.
Circuit Court for Monroe County and Hon. Steven L. Abbott, Presiding, Respondents.
No. 2006AP139.
Court of Appeals of Wisconsin.
Submitted on Briefs August 8, 2006.
Opinion Filed February 15, 2007.
*422 On behalf of the appellants, the cause was submitted on the briefs of Amy M. Flottmeyer, Assistant District Attorney for Monroe County.
On behalf of the respondents, the cause was submitted on the brief of J. David Rice of Rice, Heitman & Davis, S.C., Sparta.
Before LUNDSTEN, P.J., DYKMAN and VERGERONT, JJ.
¶ 1 LUNDSTEN, P.J.[1]
The State appeals a circuit court order assessing $250 in jury fees against it for cancelling a criminal jury trial less than two business days before the time scheduled for trial.[2] The State argues that the circuit court lacked the authority to assess jury fees against it under WIS. STAT. § 814.51. The State further argues that, even assuming the circuit court had such authority, the court erroneously exercised its discretion in assessing fees. We conclude that the circuit court has authority under § 814.51 to assess jury fees against the State and that the court properly exercised its discretion. Accordingly, we affirm the circuit court's order.

Background
¶ 2 This appeal arises out of the State's prosecution of a domestic abuse case. Trial was scheduled for November 30, 2005. Approximately two to three weeks before this date, the prosecutor was informed that a key witness, the alleged victim, had moved to Chicago, but the witness also indicated to the State's victim-witness coordinator that she intended to appear at the trial. In addition, the witness's subpoena had been returned.
¶ 3 Late in the afternoon on Monday, November 28, the prosecutor was informed that the witness had contacted the district attorney's office by telephone and said that she would not appear for the November 30 trial. The prosecutor informed the circuit court that same afternoon at 4:00 p.m., less than two days prior to the scheduled trial. Following a hearing on the day set for trial, the circuit court assessed jury fees of $250 against the State under WIS. STAT. § 814.51 for the cancellation of the trial. We reference additional facts as needed in the discussion below.

Discussion
¶ 4 The State's arguments fall into two categories: lack of judicial authority and *423 misuse of discretion. We address each in turn.

Circuit Court's Authority Under WIS. STAT. § 814.51
¶ 5 In assessing the $250 in jury fees against the State, the circuit court proceeded under WIS. STAT. § 814.51. That statute reads, in pertinent part: "The court shall have discretionary authority in any civil or criminal action or proceeding . . . to assess . . . juror fees . . . against either the plaintiff or defendant . . . if a jury demand . . . is . . . withdrawn within 2 business days prior to . . . the commencement of the trial."[3]
¶ 6 The interpretation and application of a statute to undisputed facts is a question of law for our de novo review. See Knight v. Milwaukee County, 2002 WI 27, ¶ 14, 251 Wis.2d 10, 640 N.W.2d 773.
[S]tatutory interpretation "begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry." Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning.
State ex rel. Kalal v. Circuit Court for Dane County, 2004 WI 58, ¶ 45, 271 Wis.2d 633, 681 N.W.2d 110 (citations omitted).
¶ 7 The State relies on the Martineau rule, that is, the rule that "costs may not be taxed against the state or an administrative agency of the state unless expressly authorized by statute." Martineau v. State Conservation Comm'n, 54 Wis.2d 76, 79, 194 N.W.2d 664 (1972); see also DOT v. Wisconsin Pers. Comm'n, 176 Wis.2d 731, 736, 500 N.W.2d 664 (1993). The State argues that WIS. STAT. § 814.51 does not expressly authorize fees against the State because the statute employs the generic term "plaintiff," rather than expressly referring to the "State." The State asserts that the legislature must use the word "State" or some express reference that is comparable, such as the identity of a particular State agency, to satisfy the Martineau rule. We disagree.
¶ 8 We begin by observing that the State's only lack-of-authority argument is that WIS. STAT. § 814.51 does not satisfy the Martineau rule. Our non-exhaustive research suggests that there is room for debate as to whether the Martineau rule applies to the type of sanction authorized in § 814.51.[4] Without discussing the matter, *424 the parties assume that the Martineau rule applies here. We need not resolve whether the rule applies, however, because we conclude below that, even if the Martineau rule does apply, the statute satisfies it.
¶ 9 In concluding that the legislature has "expressly authorized" that jury fees may be "taxed against the state," see Martineau, 54 Wis.2d at 79, 194 N.W.2d 664, we start with the undisputed proposition that in criminal cases the State is the plaintiff. The State is normally designated as "plaintiff" in criminal cases and is designated as such here in several filings by the State. Furthermore, the technical meaning of the term "plaintiff" is often defined in a manner broad enough to include the State in a criminal proceeding. See, e.g., BRYAN A. GARNER, A DICTIONARY OF MODERN LEGAL USAGE 665 (2d ed.1995) (defining "plaintiff" as "the party who brings suit in a court of law").
¶ 10 The State does not cite any authority requiring the legislature to use the word "State," or an express reference that is comparable, to satisfy the Martineau rule. Rather, the State refers us to other statutes involving costs where the legislature expressly named the State by using the term "state agency." See WIS. STAT. §§ 227.485 and 814.245. Obviously these statutes satisfy the Martineau rule, but their existence does not persuade us that the legislature must expressly use the word "State" or a comparable term.
¶ 11 As a matter of sound grammar, the phrase "either the plaintiff or defendant" in WIS. STAT. § 814.51 necessarily refers to both civil and criminal actions. This is true because "civil" and "criminal" are set forth in the disjunctive and modify the clauses that follow. Thus, circuit courts are authorized to impose jury fees in "any civil. . . . action or proceeding . . . against either the plaintiff or defendant" and to impose such fees in "any . . . criminal action *425 or proceeding . . . against either the plaintiff or defendant." WIS. STAT. § 814.51.
¶ 12 Likewise, because the statute refers to the plaintiff and defendant in the disjunctive, the only reasonable reading of WIS. STAT. § 814.51 is that there must be a "plaintiff" and a "defendant" in "any . . . criminal action or proceeding." The statute plainly provides that the circuit court may assess jury fees in "any . . . criminal action or proceeding" against "either the plaintiff or defendant." WIS. STAT. § 814.51 (emphasis added). If the State were not the "plaintiff" in criminal cases for purposes of § 814.51, the statute's provision that the circuit court may assess jury fees against either party in a criminal case would be rendered a nullity.[5]
¶ 13 The flaw in the State's argument  that the legislature must use the word "State" or a comparable term as opposed to a generic term such as plaintiff  is exposed in the following hypothetical example. Suppose that a statute provides: "The circuit court has discretionary authority in a criminal case to assess jury fees against either the plaintiff or the defendant." Under the State's proposed approach, this statute would not authorize fees against the State even though it is plain the term "plaintiff" is a reference to the State. From a grammatical perspective, WIS. STAT. § 814.51 contains essentially equivalent language.[6]
¶ 14 In sum, we conclude that the term "plaintiff" in WIS. STAT. § 814.51 is an express reference to the State for purposes of the Martineau rule here. Accordingly, we reject the State's argument that the circuit court lacked authority to impose jury fees against the State.

Circuit Court's Exercise Of Discretion
¶ 15 The State argues that, even if the circuit court had the authority to assess jury fees against it, the court misused its discretion. For the reasons below, we conclude that the circuit court properly exercised its discretion.
¶ 16 Whether a circuit court proceeds under WIS. STAT. § 814.51 or pursuant to its inherent authority, the court's decision to assess jury fees is a discretionary one. See § 814.51; O'Neil v. Monroe County Circuit Court, 2003 WI App 149, ¶ 13, 266 Wis.2d 155, 667 N.W.2d 774 (inherent authority). When discussing the applicable discretionary standards, the parties cite case law involving the circuit court's inherent authority to assess jury fees. We perceive no reason why we should review the circuit court's exercise of discretion differently depending on whether it relies on § 814.51 or on its inherent authority. On the contrary, the supreme court has said that the circuit court's assessment of jury fees under the circuit court's inherent authority must be "consistent with" the sanction authorized by § 814.51. State ex *426 rel. Collins v. American Family Mut. Ins. Co., 153 Wis.2d 477, 489, 451 N.W.2d 429 (1990). Furthermore, the purpose of an assessment of jury fees is, at bottom, the same whether the circuit court proceeds pursuant to its inherent authority or under § 814.51. The assessment of jury fees serves as a tool for managing the court's business and ensuring its efficient functioning. See State v. Foster, 100 Wis.2d 103, 108-10, 301 N.W.2d 192 (1981); see also House v. Circuit Court for Marinette County, 112 Wis.2d 14, 16-17, 331 N.W.2d 859 (Ct.App.1983) (making no distinction between the purpose of § 814.51 and the court's inherent authority to assess jury fees). Thus, we will review the circuit court's exercise of discretion under § 814.51 the same as we would had the court relied on its inherent authority.
¶ 17 A circuit court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and, using a demonstrated rational process, reaches a conclusion that a reasonable court could reach. Anderson v. Circuit Court for Milwaukee County, 219 Wis.2d 1, 9, 578 N.W.2d 633 (1998). Bad faith is not a prerequisite to the assessment of jury fees. "The court's orderly and efficient exercise of its jurisdiction is as easily disrupted by negligent conduct as by bad faith conduct." House, 112 Wis.2d at 17, 331 N.W.2d 859. "Each case . . . should be considered in the light of the particular facts and circumstances." Jacobson v. Avestruz, 81 Wis.2d 240, 247, 260 N.W.2d 267 (1977).
¶ 18 With these principles in mind, we turn our attention to the facts in this case.
¶ 19 On the date scheduled for trial, the circuit court gave the State an opportunity to explain why the circuit court should not assess jury fees under WIS. STAT. § 814.51 because the State had failed to advise the court more than two days prior to trial that the State was unable to proceed. The prosecutor said she was informed two or three weeks prior to the trial date that, although the witness had moved to Chicago, the witness indicated to the victim-witness coordinator that she would still appear at the trial. The prosecutor stated that, as of November 22, 2005, eight days prior to trial, all of the State's witness subpoenas had been returned.
¶ 20 The prosecutor stated that late in the afternoon on Monday, November 28, 2005, she was informed that the witness had contacted her office by telephone and indicated she would not appear. At approximately 4:00 p.m. that day, less than two days prior to the November 30 trial date, the prosecutor informed the circuit court.
¶ 21 The prosecutor acknowledged that she had not personally spoken with the witness in the past several months, but explained that she did not believe further contact was necessary because she had already met with the witness and completed trial preparation with respect to her. In addition, she noted that the witness "returned her subpoena" and indicated that she intended to appear. The prosecutor explained that there was insufficient time to complete the necessary "special witness" warrant procedure in time for trial.
¶ 22 The circuit court issued an oral decision from the bench. The court did not fault the prosecutor personally, and acknowledged that the witness deserved blame, but concluded that the district attorney's office could have done more to avoid giving the court late notice. Without expressly saying so, the circuit court concluded that the district attorney's office could have stayed in closer contact with the witness in the time period immediately before trial. The court stated: "[T]here *427 has got to be consequences so that the state looks into these things further to avoid this reoccurring." The court noted that it had previously had problems of this type with the district attorney's office and that "fines" had worked to solve those problems. The court observed that actual jury fees were in the $900 to $1000 range, but decided not to impose the full amount because "the state is not really completely to blame about this." Instead, the court imposed an assessment of $250. In its subsequent written decision, the court wrote: "While the circumstances can be somewhat understandable, which is why the court had such low assessments, this could and should have been avoided. . . ."
¶ 23 The State first argues that the circuit court erroneously exercised its discretion because it assessed jury fees against the State despite the court's statements that the prosecutor, in the words of the circuit court, "did everything she could have under the circumstances." We acknowledge that the court made this statement. However, read in context, the circuit court was not saying the State was free of blame, only that the prosecutor was not individually at fault. The court made clear its view that the district attorney's office, prior to the two-day statutory deadline, could have done more to determine the willingness and ability of witnesses to appear.
¶ 24 Obviously, the State cannot guarantee the presence of a witness in all instances. But the recitation of facts by the prosecutor does not show that the State did all that it reasonably could have done, prior to the two-day deadline, to determine whether its witness in this case would appear. In particular, although the prosecutor advised the court that she was informed two or three weeks prior to the trial date that the witness had indicated to the victim-witness coordinator that she would appear, the prosecutor did not indicate whether the witness had been contacted since that time, despite the fact that it was known that the witness had moved to Chicago.[7]
¶ 25 The State also argues that the circuit court erred because it imposed the jury fees not simply to punish the State for its actions in this case, but to punish it for conduct in other matters. The State argues that the court's perception of "problems between [the prosecutor's office] and the circuit court that occurred in the past are not a valid basis for sanction in the case at hand."[8]
¶ 26 We agree with the State that each case must be decided based on its "particular facts and circumstances." See Jacobson, 81 Wis.2d at 247, 260 N.W.2d 267. We do not agree, however, that the court assessed jury fees, even in part, to sanction the State for other cases. Rather, we read the court's comments as giving context to why it was appropriate to assess fees in the case before it. For example, the circuit court did refer to problems with the district attorney's office in the past, but did so only to explain that imposing sanctions in the past was an effective deterrent. As we have noted, an assessment of jury fees serves as a tool for managing the court's business and ensuring its efficient functioning. WISCONSIN STAT. *428 § 814.51 functions "to regulate conduct which is disruptive of the orderly business of the court" and "to deter disruptive practices which contribute to inefficiency in the court system." Foster, 100 Wis.2d at 108, 110, 301 N.W.2d 192. The circuit court's consideration of its past experience with the district attorney's office was appropriate in light of these purposes.
¶ 27 We also do not fault the circuit court for considering the fact that, during the same week, two additional jury trials were cancelled. The court explained: "And it didn't help that we have had a couple of other trials that are coming off this week either." The circuit court's reasoning was simply that, given all the cancellations, each cancellation was a problem. Cf. House, 112 Wis.2d at 18, 331 N.W.2d 859 (one factor in assessment of jury fees was whether other judicial matters could have been scheduled on the trial date).
¶ 28 In short, the State's arguments do not persuade us that the circuit court failed to examine the relevant facts, to apply proper standards of law, or to use a demonstrated rational process to reach a reasonable conclusion. Accordingly, we reject the State's assertion that the circuit court erroneously exercised its discretion.

Conclusion
¶ 29 In sum, we conclude that the circuit court has the authority to assess jury fees against the State under WIS. STAT. § 814.51. We further conclude that the circuit court properly exercised its discretion in assessing such fees here.
Order affirmed.
NOTES
[1] This case was converted from a one-judge appeal to a three-judge appeal pursuant to WIS. STAT. § 809.41 (2003-04). All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] We refer to the Monroe County District Attorney's Office and the prosecutor collectively as the "State," except when it is necessary to refer to them individually. The circuit court did not assess fees against the prosecutor personally and did not expressly assess fees against the county district attorney's office. The court, in both its oral decision and its written order, stated it was assessing the fees against the "State." The parties ignore any distinction between the county district attorney's office and the State. Because the parties assume that any role the county has in this matter is legally irrelevant, we do not address the matter. For purposes of this opinion, we assume the circuit court assessed fees against the State and that the State is represented by the prosecutor and the Monroe County District Attorney's Office.
[3] WISCONSIN STAT. § 814.51 reads, in full:

Jury fees; discretion of court. The court shall have discretionary authority in any civil or criminal action or proceeding triable by jury to assess the entire cost of one day's juror fees for a jury, including all mileage costs, against either the plaintiff or defendant or to divide the cost and assess the cost against both plaintiff and defendant, or additional parties plaintiff or defendant, if a jury demand has been made in any case and if a jury demand is later withdrawn within 2 business days prior to the time set by the court for the commencement of the trial. The party assessed shall be required to make payment to the clerk of circuit court within a prescribed period and the payment thereof shall be enforced by contempt proceedings.
Circuit courts also have inherent authority to assess jury fees. Jacobson v. Avestruz, 81 Wis.2d 240, 247, 260 N.W.2d 267 (1977). The parties, however, do not discuss whether the circuit court's decision could be affirmed under the circuit court's inherent authority. We need not address the issue because we conclude that the statute provides the circuit court with authority to assess jury fees against the State.
[4] Martineau v. State Conservation Commission, 54 Wis.2d 76, 194 N.W.2d 664 (1972), speaks in terms of "costs" that are "taxed" against the State. Id. at 79, 194 N.W.2d 664. Jury fees under Wis. STAT. § 814.51 are not, however, "taxable costs." State v. Foster, 100 Wis.2d 103, 106-09, 301 N.W.2d 192 (1981). Unlike taxable costs, jury fees under § 814.51 are paid to the court, not to a prevailing party. See Foster, 100 Wis.2d at 107-08, 301 N.W.2d 192. We note that Martineau and other cases cited by the parties all involve an expense of litigation awarded against one party in favor of another. See DOT v. Wisconsin Pers. Comm'n, 176 Wis.2d 731, 734-36, 738, 500 N.W.2d 664 (1993); Martineau, 54 Wis.2d at 78-80, 194 N.W.2d 664; Noyes v. State, 46 Wis. 250, 251-53, 1 N.W. 1 (1879); State v. Beloit Concrete Stone Co., 103 Wis.2d 506, 508, 513-14, 309 N.W.2d 28 (Ct.App. 1981). The same is true of the cases on which Martineau relied. See Klingseisen v. State Highway Comm'n, 22 Wis.2d 364, 365-66, 369-72, 126 N.W.2d 40 (1964); Frankenthal v. Wisconsin Real Estate Brokers' Bd., 3 Wis.2d 249, 252, 257-58, 88 N.W.2d 352, 89 N.W.2d 825 (1958).

We also note that, although the State devotes a separate section of its brief to sovereign immunity, we do not address sovereign immunity as an issue separate from the Martineau rule because the rule is unquestionably linked to sovereign immunity:
No court is authorized to render judgment for costs against the sovereign state, in absence of [a] statute giving express authority. We find no statute giving such authority. The doubt expressed by RYAN, C.J., in Noyes v. State, 46 Wis. 250, 252, 1 N.W. 1, whether general cost statutes might apply against the state in civil actions is readily resolved by reference to the rule that general statutes are not to be construed to include, to its hurt, the sovereign.
Sandberg v. State, 113 Wis. 578, 589, 89 N.W. 504 (1902) (citations omitted); see also Martineau, 54 Wis.2d at 80, 194 N.W.2d 664 (referencing the State's immunity). Even if the State's sovereign immunity argument were somehow not entirely subsumed by the Martineau rule, we would still reject that argument because our conclusion that WIS. STAT. § 814.51 expressly authorizes the circuit court to assess jury fees against the State is equivalent to a conclusion that the legislature has consented to the fees and thereby waived any immunity from such fees. See Kegonsa Joint Sanitary Dist. v. City of Stoughton, 87 Wis.2d 131, 144, 274 N.W.2d 598 (1979) ("[I]n the absence of express legislative authorization the state may not be subjected to suit.").
[5] Similarly, if the State were not the "plaintiff" in criminal cases for purposes of WIS. STAT. § 814.51, the statute's provision that the court may divide jury fees and assess them against both parties in a criminal case would also be rendered a nullity.
[6] We note that WIS. STAT. § 814.51 requires that "a jury demand has been made . . . and . . . is later withdrawn." Thus, the State might have argued that it did not make or withdraw a jury demand because the State does not make or withdraw jury demands in criminal cases. Such an argument, however, would seem foreclosed by Foster, 100 Wis.2d 103, 301 N.W.2d 192, which broadly construes the statute's requirement that a jury demand be "made" and "later withdrawn." Specifically, the Foster court said that the statute authorizes the circuit court to assess jury fees "when a jury trial date has been established and the parties have failed to give the court reasonable notice of a cancellation of the jury proceeding." Id. at 108, 301 N.W.2d 192.
[7] The State does not argue that it was deprived of an opportunity to make a record of reasons why it would not have been feasible for the State to take additional measures to meet the deadline.
[8] We acknowledge that the circuit court made references to prior delays in the trial in this case. However, we think it apparent that the circuit court did not assess fees against the State because of prior delays, but rather because of the late notice immediately preceding the November 30 trial date.