COURT OF APPEALS
DECISION
DATED AND FILED

October 27, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP361-CR**

Cir. Ct. No. **2019CF157**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

SUZANNE LEE SHEGONEE,

    DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Monroe County: RICHARD A. RADCLIFFE, Judge. *Reversed and cause remanded*.

¶1 FITZPATRICK, J.[1] In this criminal case, Suzanne Shegonee accepted a plea agreement offered by the State after a deadline set by the Monroe County Circuit Court had passed. The circuit court sanctioned Shegonee $500 for

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

doing so, and Shegonee appeals. The circuit court's concerns expressed at sentencing regarding the resolution of this criminal case three days before trial are understandable in light of the time pressures placed on circuit courts, the number of cases pending in circuit courts, and the need to keep all cases moving toward a conclusion in a timely manner. However, the sanction imposed on Shegonee is just outside the bounds of any authority for such a sanction and, as a result, I reverse and remand this matter for further proceedings consistent with this opinion.

## BACKGROUND

¶2    Shegonee was originally charged in this action with one felony and two misdemeanors. She was able to post $500 cash bond and was released from custody during the pendency of these proceedings. During that time, offers to resolve this matter were exchanged between the prosecutor and defense counsel.

¶3    Material to this appeal, at a final pretrial conference on November 9, 2021, the circuit court scheduled a jury trial to be held on December 9, 2021. Also at the final pretrial conference, the court asked the prosecutor to state on the record the State's latest plea agreement offer. Immediately before that occurred, the circuit court stated "this is the offer that the State is willing to … extend to you to resolve this. There is a deadline for resolution which is going to be the day before Thanksgiving. Any resolution after that date could result in sanctions." A written order from the circuit court was entered following the final pretrial conference. It stated that any plea agreement offered to the court to resolve the matter later than November 24, 2021, would not be accepted by the court unless there were "extraordinary circumstances." That same order also stated, "Failure *by either attorney* to follow this order may result in motions being denied or sanctions being

imposed pursuant to [Wɪꜱ. Sᴛᴀᴛ. §§] 802.10(7), 805.03, or 814.51 … and any other applicable statute or case law." (Emphasis added.)

¶4 The prosecutor made another offer of a plea agreement to defense counsel after the November 24, 2021 deadline set by the court. Shegonee accepted the State's offer that was made after the court-imposed deadline. The parties were able to arrange for a plea by Shegonee and sentencing three days before the December 9, 2021 scheduled trial date.

¶5 At the end of that hearing, the circuit court took up on its own motion the question of sanctions. During the discussion, the prosecutor admitted that negotiations continued beyond the court-imposed deadline. As reasons for the State's late offer beyond the deadline imposed by the circuit court, the prosecutor explained that he had a five-day homicide trial that began immediately after the November 9, 2021 final pretrial conference, he was involved in negotiations in other pending cases, and for part of the pertinent time he was out of the office with limited cell phone and internet service. The court ordered that the $500 cash bond posted by Shegonee be forfeited by her, and that amount was ordered to be paid to the Clerk of Court rather than used to pay approximately $1,000 of costs and fees assessed against Shegonee as part of the judgment of conviction. Shegonee appeals that order.

¶6 Other material facts are mentioned later in this opinion.

## DISCUSSION

¶7 A court's decision to sanction a party is a discretionary ruling. ***Flottmeyer v. Circuit Ct. for Monroe Cnty.***, 2007 WI App 36, ¶16, 300 Wis. 2d 447, 730 N.W.2d 421. "A circuit court properly exercises its discretion when it

3

examines the relevant facts, applies a proper standard of law, and, using a demonstrated rational process, reaches a conclusion that a reasonable court could reach." *Id.*, ¶17. Whether the court applied a proper standard of law is reviewed de novo. *Garfoot v. Fireman's Fund Ins. Co.*, 228 Wis. 2d 707, 717, 599 N.W.2d 411 (Ct. App. 1999). On appeal, Shegonee argues that there is neither a legal nor a factual basis for the sanctions order.

¶8　　The dispositive question is whether in these circumstances there is authority to support the circuit court's sanction of $500 against Shegonee. In ordering the sanction against Shegonee, the circuit court did not specify the authority it relied on as a basis for the sanction. But, as noted earlier, the relevant portion of the written final pretrial conference order drafted by the court refers to three Wisconsin statutes.[2]

¶9　　One of the statutes referred to in the circuit court's final pretrial conference order is WIS. STAT. § 814.51. That statute states:

> The court shall have discretionary authority in any civil or criminal action or proceeding triable by jury to assess the entire cost of one day's juror fees for a jury, including all mileage costs, against either the plaintiff or defendant or to divide the cost and assess the cost against both plaintiff and defendant, or additional parties plaintiff or defendant, if a jury demand has been made in any case and if a jury demand is later withdrawn within 2 business days prior to the time set by the court for the commencement of the trial. The party assessed shall be required to make payment to the clerk of circuit court within a prescribed period and the payment thereof shall be enforced by contempt proceedings.

---

[2] The order also states that an order for sanctions may be based on "any other applicable statute or case law." The State does not argue that there is any other applicable statute or case law.

4

Sec. 814.51. The State concedes, correctly, that § 814.51 cannot be the basis for sanctions against Shegonee because the underlying factual requirement in the statute for a sanction is that the jury demand is withdrawn "within 2 business days prior to the time set by the court for the commencement of the trial." *See id.* This matter was resolved, and the jury demand was withdrawn, three days before trial.

¶10 The circuit court's final pretrial conference order also references WIS. STAT. § 802.10(7). However, the State makes no developed argument regarding the applicability of that statute in these circumstances.[3]

¶11 That leaves WIS. STAT. § 805.03 as a potential basis for the sanction levied against Shegonee. That statute states in pertinent part:

> For failure of any claimant to prosecute or for failure of any party to comply with the statutes governing procedure in civil actions or to obey any order of court, the court in which the action is pending may make such orders in regard to the failure as are just ….

Sec. 805.03.[4] The issue is whether Shegonee, a party, failed "to obey" "any order of [the] court." If so, the circuit court "may make such orders in regard to the failure [to obey the court's order] as are just." *See id.*

---

[3] The State on appeal also argues that a provision of the Monroe County Circuit Court Rules, Sec. 12.045, applies. That provision concerns resolution of criminal cases less than two weeks prior to trial. However, that rule does not support the State's position because, on the issue of sanctions, the local rule refers only to sanctions against "attorneys or pro se defendants" for failing to comply with that rule. Of course, Shegonee was neither an attorney nor a pro se defendant in this matter.

[4] The State does not note this, but a civil procedure statute (such as WIS. STAT. § 805.03) can apply in criminal cases if the statute does not conflict with any criminal procedure statute. *See* WIS. STAT. § 972.11(1).

¶12 That language leads the analysis back to the final pretrial conference orders, both oral and written, from the circuit court. At the December 2021 sanctions hearing, the circuit court stated that it had warned Shegonee at the November 2021 final pretrial conference that failure to comply with the court-imposed deadline regarding plea agreements would result in sanctions to her. That is not quite correct. The record establishes the following. The circuit court had the State detail its latest offer on the record. The court then mentioned the deadline of two weeks before trial and stated the following: "Any resolution after that date could result in sanctions." Accordingly, the circuit court mentioned "sanctions" to Shegonee, but the court did not tell Shegonee that *she* could be sanctioned if the court-imposed deadline was not met. The written order from the final pretrial conference states the court-imposed deadline regarding plea agreements. However, that same order states in pertinent part: "Failure *by either attorney* to follow this order may result in motions being denied or sanctions being imposed." (Emphasis added.)

¶13 WISCONSIN STAT. § 805.03 requires a party to obey court orders. However, when the orders of the circuit court from the final pretrial conference, both oral and written, are considered, neither order informed Shegonee that she was subject to the orders (as opposed to the attorneys being subject to the orders), and neither order stated that she could be personally sanctioned for a failure to comply with the court-imposed deadline. Accordingly, § 805.03 and the circuit court's orders cannot be bases for the circuit court sanction in these circumstances.

¶14 Those reasons, alone, are sufficient to reverse the circuit court's order for sanctions against Shegonee. I mention two other points regarding the applicable facts to complete the analysis.

6

¶15 First, at the December 2021 hearing, when discussing sanctions, the circuit court took counsel to task for failing to meet the court-imposed deadline. It noted that the reasons given for the late offer from the State (that is, after the court-imposed deadline) were insufficient. The court also stated that defense counsel has the "predominant burden" to make sure a client understands the court-imposed deadline for accepting plea agreements. The court further stated, "I'm unclear whether Ms. Shegonee had full understanding of this deadline or not." Those statements of the circuit court cannot be reconciled with its decision to impose a sanction against Shegonee in these circumstances. In other words, the facts as delineated by the circuit court necessarily lead to the conclusion that the failure to comply with the court's orders was caused by the prosecutor and defense counsel.[5]

¶16 Second, one of the bases for the sanction against Shegonee was the court's determination that the offer made by the State before the court-imposed deadline was "substantially largely similar" and "seems to be similar" to the State's offer after the deadline. The circuit court stayed with that determination even though defense counsel at the hearing brought to the court's attention differences between the timely and late offers from the State. The timely offer from the State was as follows. Shegonee would plead no contest to four misdemeanors: attempted misdemeanor battery, resisting arrest, disorderly conduct, and an added second count of disorderly conduct. On the two disorderly conduct counts, she would be sentenced to 180 days in jail. On the attempted battery and resisting arrest counts, the court would impose, but stay, 180 days in

---

[5] To be clear, I am not determining that either the prosecutor or defense counsel violated the circuit court's orders.

jail, and Shegonee would be placed on two years of probation and required to serve 80 hours of community service. In contrast, the offer made after the court-imposed deadline was the following. Shegonee would plead no contest to four counts: attempted battery of a law enforcement officer (a felony), resisting arrest, disorderly conduct, and an added second count of disorderly conduct. For the felony, Shegonee would enter into a six-month diversion agreement. On the three misdemeanors, she would be placed on twelve months of probation with no imposed but stayed jail sentence, and there would be no community service requirement.

¶17 The circuit court in a sense is correct that the two offers from the State "seem[] to be similar." Put another way, there are similarities. However, there are also clear and definite differences between the two offers that would make a real difference in the life of Shegonee depending on which one she decided to accept. As a result, the circuit court's determination that the two offers are "substantially largely similar" is untenable.

¶18 It is important to emphasize that circuit courts have busy dockets. Last-minute offers and acceptances of plea agreements in criminal cases frustrate the needs of the court system, and the needs of the public, in that time and effort may be taken by court personnel to prepare for a jury trial that does not occur. This circuit court correctly kept that in mind in setting deadlines and orders. Nonetheless, in this specific circumstance, the court's sanction of Shegonee falls just outside the boundaries of the authorities that may form a basis for such a sanction.

**CONCLUSION**

¶19    For those reasons, the sanction order of the circuit court is reversed, and this matter is remanded to the circuit court for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)4.